In re Estate of Sylvester E. AUGUSTINE.

Appeal of Romayne S. McMAHON.

Superior Court of. Pennsylvania.

Argued April 15, 1997.

Filed June. 5, 1997.

---

James D. Cameron, Harrisburg, for appellant.

Mark E. Halbruner, Lemoyne, for Robert Augustine, participating party.

Before CAVANAUGH, POPOVICH and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal was taken from the trial court's order of July 19, 1996, denying both parties' post-trial motions. The trial court succinctly set forth the facts of this case as follows:

> By deed dated April 9, 1949, Sylvester E. Augustine, along with his first wife, Lois, acquired as tenants by the entireties a property located at 1298 Letchworth Road, Lower Allen Township, Cumberland County (1298 Letchworth Rd.). Several years later, pursuant to a divorce settlement, 1298 Letchworth Rd. was conveyed to Sylvester Augustine, alone, by a deed dated December 30, 1959, and recorded on February 18, 1960. The 1960 deed is the last deed of record affecting the title of 1298 Letchworth Rd.
>
> On August 22, 1962, Sylvester Augustine married Dorothy Augustine. On June 20, 1966, they adopted a son, Robert G. Augustine. Almost twenty years later, on January 21, 1986, Sylvester Augustine executed a will prepared by a law firm. With regard to 1298 Letchworth Rd., the will

provided that Dorothy Augustine would receive a life estate therein if she survived Sylvester Augustine. The will further directed that the property was to pass to Robert Augustine upon Dorothy Augustine's death. Sylvester Augustine died on November 17, 1991. Dorothy Augustine died on February 5, 1995.

[Appellant], Romayne Shay McMahon, is the named personal representative under the will of Dorothy Augustine. [Appellee] is Robert G. Augustine, the parties' son and beneficiary under Sylvester Augustine's will. [Appellant] seeks a declaration that a valid conveyance of 1298 Letchworth Rd. occurred on or about August 22, 1987, which vested ownership of that property in Sylvester Augustine and Dorothy Augustine as tenants by the entireties. [Appellant] seeks a further declaration that 1298 Letchworth Rd. property became the sole property of Dorothy Augustine upon Sylvester Augustine's death, and that it is therefore not subject to transfer under Sylvester Augustine's will. After the hearing on February 12, the parties submitted proposed findings of fact and conclusions of law on March 1, 1996. We heard argument on the matter on March 6, 1996.

Trial court opinion, 5/31/96 at 1–2. After the hearing, the trial court found that the disputed property was not validly transferred as appellant alleged. The court found as a factual matter that Dorothy, and not Sylvester, signed the photocopied, undated deed that allegedly transferred the disputed land from Sylvester alone to Sylvester and Dorothy jointly. The court further rejected appellant's argument that Dorothy properly signed the undated deed as attorney-in-fact for Sylvester. Accordingly, the court concluded that the petition for declaratory judgment should be denied. This appeal followed.

Appellant now asserts that the trial court erred as a matter of law in concluding that Dorothy could not transfer the disputed property to herself pursuant to a general power of attorney. Relying on the factually similar case of *Taylor v. Vernon*, 438 Pa.Super. 479, 652 A.2d 912 (1995), appellant argues that Dorothy did have the authority, as

attorney-in-fact for Sylvester, to execute the deed transferring the land. After careful review of *Taylor,* we are constrained to agree with appellant.

In *Taylor,* a daughter, acting as attorney-in-fact for her father, executed a deed transferring land from the father alone to the father and daughter as joint tenants. The trial court in *Taylor* refused to recognize the conveyance because it found that the general language in the power of attorney document did not specifically authorize the daughter to gift herself the disputed property. Relying on *Estate of Reifsneider,* 531 Pa. 19, 610 A.2d 958 (1992), this Court reversed the trial court. *Taylor,* 438 Pa.Super. at 486–487, 652 A.2d at 916. We held that "[a]lthough the power of attorney utilizes general language, we find that it sufficiently evidences the principal's intent to allow [daughter] to make gifts consisting of property conveyances. We arrive at this conclusion because the power authorized her to use her discretion in deciding how to conduct her father's affairs." *Id.* Thus, regardless of the self-dealing nature of the transaction, this Court found the transfer of the property authorized under the broad, general language of the power of attorney. *Id.* .

■ Similarly, the power of attorney in the instant case authorized Dorothy to

make, seal, and deliver all deeds and other assurances for any interest in real property; to bargain, contract, agree for, purchase, receive, and take possession of any interest in real property; and to lease, bargain, sell, remise, release, convey, and mortgage any interest in real property upon such terms and conditions and under such covenants as he deems proper;....

R.R. at 27a. It further authorized Dorothy to

do and perform every act necessary, requisite, or proper to be done in exercising this Power of Attorney as fully as I might or could do if personally present, and I do hereby ratify and confirm all that my Attorney–in–Fact shall lawfully do or cause to be done by virtue of this Power of Attorney.

*Id.* at 28a. On the basis of this broad language, *Taylor* compels the conclusion that Dorothy had the authority to gift her late husband's real property as she saw fit. Regardless of the self-dealing nature of a gift to herself, we must conclude that the trial court erred, as a matter of law, when it found that Dorothy could not transfer the land to herself in her capacity as power of attorney. *See Taylor, supra.*

■ Although the trial court erred as a matter of law in finding that Dorothy lacked the authority to make the disputed transfer, we find such error harmless because of appellant's failure to establish a valid conveyance made by Dorothy in her capacity as attorney-in-fact.

From the inception of this case, appellant has argued that Sylvester Augustine executed the deed transferring the disputed property to himself and Dorothy as tenants by the entireties. *See* Petition for Declaratory Judgment, S.R.R. at 2b. Appellant herself testified that Dorothy told her that Sylvester executed the deed in 1987 as a gift. S.R.R. at 19–20b. Appellant did not even raise the alternative theory of Dorothy signing the deed in her capacity as attorney-in-fact until her rebuttal case was presented.

Even more significantly, appellant's development of this power of attorney theory consisted of nothing more than the fact that Dorothy held a power of attorney from Sylvester. Appellant presented no evidence at all to establish that Dorothy signed this particular deed in her capacity as power of attorney. The evidence actually establishes that she did not sign the deed in such a capacity because all other documents executed in that capacity clearly indicated that they were signed by Dorothy as attorney-in-fact for Sylvester. The deed at issue here contains no such notation.

Additionally, the power of attorney clearly stated that it would become effective only upon Sylvester's disability or incompetence. R.R. at 28a. Since the deed at issue here is undated, and since appellant did not present evidence to establish that the deed was signed after Sylvester's disability or incompetence, we have no basis upon which to conclude that the deed was signed when the power of attorney was in effect. Based upon the facts of this case, we must conclude that

appellant has failed to establish the valid execution of a deed by Dorothy as attorney-in-fact. Thus, the trial court's legal error with respect to Dorothy's authority under the power of attorney document was harmless error.

Order affirmed.

CAVANAUGH, J., concurs in the result.